**EDELSON v. SWEET, Chief United States Probation Officer.**

No. 271, Docket 22393.

United States Court of Appeals
Second Circuit.

Argued June 2, 1952.

Decided June 6, 1952.

Carl Edelson, pro se.

Myles J. Lane, U. S. Atty., for the Southern District of New York, New York City, for appellee.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

PER CURIAM.

Petitioner asked the district court for a declaration that he was unconditionally released from his prison sentence and parole supervision. The facts were undisputed. His term of incarceration, commuted for good conduct, ended January 14, 1951. Pursuant to 18 U.S.C. § 4164, he was placed on parole for the remainder of his maximum sentence without regard to the good conduct commutation. This period is scheduled to expire on June 16, 1952. On June 29, 1951, § 4164 was amended to provide:

"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." 65 Stat. 98.

If applicable, this amendment would mean that petitioner was entitled to an unconditional release on December 16, 1951 or thereabouts. The government argued that the amendment did not retroactively apply to prisoners who were, at the time of the enactment, under parole supervision for the remainder of their maximum sentences (without regard to good conduct commutation). A study of the congressional history convinces us that the government is wrong and that the statute does apply to shorten petitioner's term of parole supervision by 180 days. Indeed, the district judge so found. See Sen.Rep. No. 385 on H.R. 2924; Letter from Peyton Ford, Department of Justice to Honorable Pat McCar-

ran, Chairman Committee for the Judiciary, 2 U.S.C.Cong.Serv. 82d Cong. 1st Sess. 1951, 1544–7.

Nevertheless the district judge denied relief because a writ of habeas corpus would not lie where the petitioner had not failed to report to probation authorities and had not been retaken into actual custody. The judge also said that the application could not be construed as a declaratory judgment to determine the date when the petitioner's parole would end, as both parties conceded that the terminal date was June 16, 1952. In the latter respect, we think the judge in error; petitioner is emphatically challenging the terminal date of parole supervision; indeed, that is precisely what this case is about. This application should consequently be regarded as a request for a declaratory judgment as to petitioner's status with the parole authorities. Regarding it as such, we see no reason why petitioner should not be declared unconditionally released from parole supervision as of approximately Dec. 16, 1951, and we so hold.

Reversed.